UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL CASUALTY
COMPANY, et al.,

    Plaintiffs/Counter-defendants,

v.                                           CASE NO.: 8:09-cv-2036-T-23AEP

STAFFING CONCEPTS, INC., et al.,

    Defendants/Counter-claimants.
_____/

## **ORDER**

Four insurers sue ten insureds for deductibles. Simultaneously, the insurers' claim administrator, CNA ClaimPlus, Inc. (ClaimPlus), seeking claim handling fees, demanded and won arbitration with one of the insureds, Staffing Concepts International, Inc. (Staffing Concepts). Staffing Concepts moves (Doc. 276) to vacate the arbitration award, which ClaimPlus petitions (Doc. 264) to confirm. Also based on the arbitration award, ClaimPlus moves (Doc. 267) for summary judgment. Magistrate Judge Porcelli received both motions and the petition for a report a recommendation.

Staffing Concepts seeks to vacate the arbitration award because one of the arbitrators displayed partiality, because the arbitrators committed legal error when allocating the burden of proof and when fashioning a remedy, because the arbitrators

refused to consider enough evidence, and because the arbitrators erred in finding arbitrability an arbitrable question.

Judge Porcelli's report (Doc. 316) first concludes that no direct evidence of the challenged arbitrator's partiality exists and that, in any event, because the three arbitrator panel reached a unanimous decision, evidence of one arbitrator's partiality would likely fail to invalidate the panel's award. Observing both that the arbitration clause allows the arbitrators to "abstain from strict rules of law" and that arbitration in general involves the parties' renunciation of appeal or judicial review of an arbitrator's erroneous conclusion of law, the report arrives at the eminently correct conclusion that Staffing Concepts's complaints about bearing the burden of proof and about suffering an adverse declaratory judgment are baseless. The report concludes also that, when Staffing Concepts proposed to enter evidence from thousands of claims to show that ClaimPlus mishandled them, the panel reasonably limited Staffing Concepts to entering evidence from the few claims that allegedly suffered the most 'egregious' mishandling; the panel merely barred cumulative and unnecessary evidence.

Although none of the panel's decisions during the arbitration proper warrant vacating the arbitration award, Staffing Concepts argues that a question exists as to whether Staffing Concepts and ClaimPlus agreed to arbitrate in the first place. Staffing Concepts signed the supposedly operative claims servicing agreements with ClaimPlus's predecessor; that predecessor, according to Staffing Concepts, assigned

the claims servicing agreements to ClaimPlus without informing Staffing Concepts. ClaimPlus never signed the claims servicing agreements, which, in addition, prohibit assignment without both parties' consent.

Concurring with Staffing Concepts that a court rather than an arbitration panel must decide the propriety of the assignment, the report quotes Judge Richard Arnold's opinion in *I.S. Joseph Company, Inc. v. Michigan Sugar Company*, 803 F.2d 396 (8th Cir. 1986):

> Absent some indication in the original agreement that the parties at the time provided for assignment of their interests under the agreement or otherwise intended to bind themselves to entities not then in existence, the validity of [an] assignment . . . is [an issue] which is reserved for the court under the [Federal Arbitration] Act.

803 F.2d at 400. Accordingly, the report recommends partially granting the motion to vacate, denying without prejudice the other motion and the petition, scheduling a status conference, and proceeding with a judicial determination of arbitrability.

The objections (Doc. 319) that ClaimPlus submits suffer obvious infirmities. Of particular note, ClaimPlus never addresses Judge Arnold's opinion in *I.S. Joseph*, arguably the most pertinent and compelling authority in the report's analysis. Because Staffing Concepts casts colorable doubt on the supposed assignment and on the supposed agreement to arbitrate, the several factual disputes that ClaimPlus raises remain dormant pending a judicial assessment of arbitrability.[*]

---

[*] The Eleventh Circuit recently confirms in *Solymar Investments, Ltd. v. Banco Santander S.A.*, --- F.3d ----, 2012 WL 612302, *4-*6 (11th Cir. Feb. 28, 2012), that a court determines the existence of an agreement to arbitrate.

ClaimPlus's objections (Doc. 319) are **OVERRULED**. The report and recommendation (Doc. 316), thorough and impressive, is **ADOPTED** in full. Staffing Concepts's motion (Doc. 276) to vacate the arbitration award is **GRANTED** as to the issue of arbitrability and is otherwise **DENIED**. ClaimPlus's petition (Doc. 264) to confirm the arbitration award and motion (Doc. 267) for summary judgment are **DENIED WITHOUT PREJUDICE**. Premature because of the dispute over arbitrability, ClaimPlus's petition (Doc. 307) to confirm and Staffing Concepts's motion (Doc. 309) to vacate an arbitration award of attorney fees are **DENIED WITHOUT PREJUDICE** as well. In accord with his recommendation, the magistrate judge is directed to conduct a status conference.

ORDERED in Tampa, Florida, on March 5, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE