**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONTINENTAL CASUALTY COMPANY,** *et al.*

    **Plaintiffs,**

**v.**     **CASE NO.: 8:09-cv-2036-T-AEP**

**STAFFING CONCEPTS INC.,** *et al.*,

    **Defendants.**

_____/

**ORDER**

This cause comes before the Court on Defendants' renewed request relating to Defendants' previously filed Motion to Compel Documents Responsive to Staffing Concepts International, Inc.'s Request for Production and Incorporated Memorandum of Law in Support Thereof ("Motion") (Dkt. No. 206). A hearing was held on January 7, 2015, where the undersigned addressed certain requests included in the above-mentioned motion.

The procedural background of this case has been discussed at length in several prior Orders. (*See, e.g.*, Order, Dkt. No. 436). As it pertains to Defendants' Motion requesting claim files (Dkt. No. 206), prior to any ruling, all matters were stayed pending resolution regarding the claims' arbitrability. That issue was resolved by the Court's June 13, 2014 Order (Dkt. No. 436), and since then this case has taken on new posture based on contract claims.

On December 17, 2014, the Court preliminarily addressed Defendant Staffing Concepts International, Inc. ("SCI")'s discovery request for claim files, as well as Defendants' theory of the case supporting such requests—namely that the claim files are relevant under Federal Rule of Civil Procedure 26 because Defendants' defense is one of "setoff." Put simply, Defendants asserted a

contractual and Constitutional right to challenge the accuracy of alleged payments made by Plaintiffs for which Defendants are allegedly obligated to reimburse Plaintiffs Continental Casualty Company, American Casualty Company of Reading, Pennsylvania, Transportation Insurance Company, and National Fire Insurance Company of Hartford (collectively, "CNA"). (*See* Dkt. No. 504). Upon conclusion of the December 17th hearing, the Court directed the parties to brief the issue of whether or not such a defense is appropriate in relation to CNA's claims given the Claims Services Agreements ("CSAs")'s arbitration clauses.

Defendants contend that an accurate and reliable calculation of what CNA actually paid is necessary to its defense against damages and that the finance agreements entitle Defendants to dispute such amounts and receive setoff credits. In support, Defendants cite paragraphs 11 and 4 the 2001 Finance Agreement, which Defendants present as a provision allowing Defendants to dispute the amounts billed by CNA, as well as language evidencing a contractual right to setoff. Neither provision, however, when read in combination with the parties' Policies and Finance Agreements and CSAs, grants SCI the right to dispute in this forum *every aspect* of Plaintiffs' allegations of what it paid.[1] (*See* Order 22 n. 20, Dkt. No. 436) ("[T] the Court finds that based upon the identical broadly-worded arbitration provisions, SCI's claims mishandling allegations, defenses, and counterclaim fall within the scope of the arbitration provisions in each of the CSAs."). To construe basic provisions of the contract establishing a right to reimbursement and refund between CNA and SCI as creating a right of adjudication for SCI based on alleged error by third-party ClaimPlus Inc., ("ClaimPlus"), is logically inconsistent with the structure of SCI's agreement for reimbursement with CNA, and is further incompatible with SCI's corresponding

---

[1] Under the CSAs, SCI delegated to third-party adjusters "complete and sole authority to investigate, adjust, settle, or resist all Claims[,]" (2001 CSA, Section II, ¶¶ 5, 6, Dkt. No. 480-34), and SCI was provided indemnification rights against claims errors and an arbitration panel to resolve claims mishandling. (*Id*. Section III, ¶¶ 4, 9, Dkt. No. 480-34).

duty to arbitrate grievances with ClaimPlus. Adopting Defendants' interpretation would, in essence, make CNA the insurer of ClaimPlus, requiring CNA to defend accusations levied against ClaimPlus's work and potentially pay for ClaimPlus's alleged adjustment errors, which ClaimPlus itself cannot defend in this forum. The parties' finance agreement contemplates no such structure, instead providing: "Insured will pay Insurer any amounts billed to it by Insurer under this Article. . ." (2001 Finance Agreement, ¶ 3, Dkt. No. 480-30). The Court, therefore, declines to allow a defense of this type that ultimately seeks to circumvent the Court's prior ruling, which held: "SCI's claims mishandling allegations were arbitrable and properly arbitrated before the AAA panel of arbitrators because binding and enforceable arbitration agreements existed between ClaimPlus and SCI under the 2001, 2002, and 2003 CSAs."[2] (*See* Order 22 n. 20, 39, Dkt. No. 436).

In doing so, the Court finds Defendants' affirmative defense in this regard to be clearly insufficient as a matter of law. Federal Rule of Civil Procedure 12(f)(1) grants the Court power to, on its own motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12.[3] Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.[4] *Vance v. Westfalia Technologies, Inc.*, No. 8:12-CV-1902-EAK-

---

[2] The Court reserves judgment on the issue of whether a material question of fact exists regarding the facial accuracy of CNA's invoices. Nothing in this Order is intended, at this procedural posture in the case, to preclude Defendants from disputing that the amounts charged in CNA's invoices to SCI accurately reflect payments made by CNA under the insurance programs. Instead, it is only SCI's contention that third-party errors give rise to setoff rights against CNA that this Court intends to address.

[3] Plaintiffs have, in prior motions, lobbied this Court to strike SCI's Answer and Coutnerclaim. (*See* Pls.' Mot. Sanctions Supp. Mem. 1, Dkt. No. 485).

[4] A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, *Shenandoah Life Ins. Co. v. Hawes*, 37 F.R.D. 526, 529 (E.D.N.C. 1965), or if it is clearly invalid as a matter of law. *Vance*, 2013 WL 3270414 at *2; *Walker v. Mead*, No. 6:13-


TGW, 2013 WL 3270414, at *2 (M.D. Fla. June 26, 2013); *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla. 1976); *see also Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Kaiser Aluminum & Chem. Sales, Inc.* v. *Avondale Shipyards*, Inc., 677 F.2d 1045, 1057-58 (5th Cir. 1982); *Lunsford v. United States*, 570 F.2d 221, 228 (8th Cir. 1977); 2A Moore's Federal Practice P 12.21 at 2437 (2d ed. 1948); Wright & Miller, Federal Practice and Procedure: Civil s 1381 at 799-800 (1969).

This drastic remedy is usually inapplicable unless the challenged allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. *See Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, No. 207CV123FTM29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007); *see also* 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380. Here, as established above, SCI's affirmative defense as applied is inconsistent with the Court's prior determination of the arbitribility of claims and is foreclosed as a matter law under the governing contracts.[5][6] *See First Condo. Dev. Co. v. Apex Const. & Eng'g Corp.*, 126 Ill. App. 3d 843, 846 (1984) (parties to an arbitration agreement are irrevocably committed to arbitrate all disputes clearly arising under the agreement); *TDE Ltd. v. Israel*, 185 Ill. App. 3d 1059, 1063 (1989). Its existence in this case thus unfairly prejudices CNA, a separate

---

CV-1894-ORL-36, 2014 WL 2968405, at *5 (M.D. Fla. June 30, 2014); *United States v. 416.18 Acres of Land*, 514 F.2d 627, 630-31 (7th Cir. 1975).

[5] This Court has the authority under Rule 12(f) to strike defenses rendered invalid due to prior judicial determinations. *See, e.g.*, *Butler v. Adoption Media, LLC,* No. C 04-0135 PJH, 2005 WL 1513142, at *2 (N.D. Cal. June 21, 2005); *Higgins v. Shenango Pottery Co.*, 99 F. Supp. 522, 526 (W.D. Pa. 1951); *Ohmer Corp. v. Duncan Meter Corp.*, 8 F.R.D. 582, 583 (N.D. Ill. 1948).

[6] The Finance Agreements provide they are governed by Illinois law. Finance Agreement, Article 24, Dkt. No. 480-30. Additionally, the 2001 CSA provides it is governed by Illinois law. 2001 CSA, Section III ¶ 21, Dkt. No. 480-34.

corporate entity, by, among other things, creating a need for the production of nearly 3,400 claims files for the sole purposes of determining whether ClaimPlus erred in its claim adjustments. As such, it demands unnecessary time and money for the purposes of litigating a collateral, invalid and spurious issue.[7] Accordingly, the Court strikes Defendants' affirmative defenses and counterclaims to the extent they dispute damages sought by CNA on the basis that ClaimPlus erred in calculating claims engendering said damages.[8] Additionally, because the Court strikes Defendants' affirmative defenses and counterclaims in this regard, the claim files sought in Defendants' renewed motion to compel are not relevant to any claim or defense, nor are they reasonably calculated to lead to discoverable evidence under Federal Rule of Civil Procedure 26.[9]

Accordingly, it is hereby

ORDERED:

1. The following affirmative defenses and counterclaims are STRICKEN to the extent they are predicated on a theory of setoff for any errors or claims mishandling by ClaimPlus: Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses and Counts I, II, III, V, VI, VII, and VIII of the Counterclaims filed by Defendants (*See* Dkt. No. 207).

---

[7] Defenses stricken should be done so to avoid unnecessary time and money in litigating invalid, spurious issues. *United States v. 416.18 Acres of Land*, 514 F.2d 627, 637 (7th Cir. 1975); *Purex Corp. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Calif. 1970).

[8] Counterclaims predicated on the same grounds as invalid affirmative defenses are subject to Rule 12(f). *See* 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.).

[9] At the January 7, 2015 hearing, the Court gave Defendants an opportunity to indicate what other outstanding discovery is due relevant to the immediate contractual dispute. Defendants responded only by reiterating Defendants' request for the claim files at issue in this Order.

2. Defendants' orally renewed motion for claim files previously requested in Defendants' Motion (Dkt. No. 206) is DENIED.

**DONE AND ORDERED** at Tampa, Florida this 27th day of January, 2015.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record